IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ODIE LEE BROWN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-4756-P |
| ) | |
| STATE OF TEXAS, ) | |
|     Defendant. ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendant is the State of Texas. The Court has not issued process pending judicial screening.

Plaintiff states that on December 30, 1989, he was arrested and later convicted of indecency with a child. He states he is innocent of the charges. Plaintiff seeks an investigation into his conviction so that he can prove his innocence and remove his obligation to register as a sex offender.

### II. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.  DISCUSSION

Plaintiff's claims are barred by the statute of limitations. A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this case, the Dallas County, Texas website shows that Plaintiff was arrested on December 30, 1989, and was charge with indecency with a child in cause number F-89A7133. *See* www.dallascounty.org. On March 2, 1990, he pled guilty to the charge and was sentenced to twenty-five years in prison. *Id.* Plaintiff should have known of his claims as of the date he pled

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -2-

guilty. His claims are therefore barred by the statute of limitations.

Plaintiff's claims are also barred by Eleventh Amendment immunity. Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens as well as by citizens of another state. *Lapides v. Bd. of Regents of the Univ. Sys. Of Georgia*, 535 U.S. 613, 616 (2002). Plaintiff has not shown that the state of Texas has waived its immunity to suit in federal court. *See Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("Section 1983 does not waive the states' sovereign immunity, . . . and Texas has not consented to this suit."); *Gaines v. Texas Tech University*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) ("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO."); *Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, (5th Cir. 2000) (unpublished) ("Congress did not abrogate the states' immunity in enacting Section 1985."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Plaintiff's claims against the state of Texas should therefore be dismissed.

Finally, Plaintiff seeks relief that is not available under § 1983. Plaintiff requests an investigation into his criminal conviction. Investigations and the prosecution of state and federal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *Green v. Revel*, No. 2:09-CV-0147, 2010 WL 597827 at *2 (N.D. Tex. Feb. 19, 2010). As such, Plaintiff's claim for relief is without an arguable basis in law.

## RECOMMENDATION

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 13 day of May, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -4-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).